UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,

   - against -

ALI YASIN AHMED,
     also known as "Ismail,"
MADHI HASHI,
     also known as "Tahlha," and
MOHAMED YUSUF,
     also known as "Abu Zaid,"
     "Hudeyfa" and
     "Mohamed Abdulkadir,"

    Defendants.
───────────────────────────────

Cr. No. 12-661(S-1) (SLT)

NOTICE OF
PRE-TRIAL MOTIONS

    PLEASE TAKE NOTICE that upon the attached memorandum of law as well as previously filed documents identified in the attached memorandum, and the submissions of his co-defendants, MOHAMED YUSUF moves this Court, the Hon. Sandra L. Townes, United States District Judge, at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, for the following Orders:

1. An order dismissing the indictment on the ground that:

    a. The application of the criminal laws of the United States to defendant is fundamentally unfair and violates the Fifth Amendment;

    b. The indictment fails to state two elements of 18 U.S. C. § 2339B that are essential for extraterritorial application (namely, that the offense occurred in part within the United States, and the offense occurred in or affected interstate or foreign commerce), and this defect undermines Counts One and Two, as well as the validity of Count Three, the firearm count;

    c. If conduct in the United States and in or affecting interstate or foreign commerce are not elements, §2339B is unconstitutional in that (i) §2339B is not tied to an enumerated power of Congress; (ii) the statute is vague and standardless, allowing for discriminatory enforcement and violates the principle that legislative powers are non-delegable; and (iii) the statute violates the due process notice/opportunity-to-be-heard rights of those charged;

    d. 18 U.S.C. § 2339B is unconstitutionally vague for other reasons apart from issues relating to its extraterritorial application;

    e. 18 U.S.C. § 924(c) does not have extraterritorial application, and application of the statute to defendant violates due process for lack of notice;

    f. The indictment does not fairly inform the defendant of the charges against him because, among other issues, (i) there is insufficient precision with the respect to the *mens rea* element of the "material support" charges, and (ii) the time span alleged in each count is vast, the place indeterminate; (iii) with respect to the conspiracy count, no overt act is charged; and (iv) the firearm count is duplicitous; and/or

    g. The length of time between defendant's arrest and the return of the indictment violates the Speedy Trial Act;

2. An order directing the government to provide a bill of particulars;

3. An order precluding government witnesses from using the statutory words and phrases "terrorist", "terrorist activity" and "terrorism;"

4. An order pursuant to Fed. R. Evid. 404(b)(2), directing the prosecutors to provide notice of any and all uncharged "bad acts" allegedly committed either by defendant or others that they intend to proffer at trial;

5. An order pursuant to Fed. R. Evid. 807(b), directing the prosecutors to provide notice of any and all hearsay statements it intends to offer as evidence of a material fact under the residual exception 807(a), and the particulars of any such statement including the declarant's name and address;

6. An order granting the defendants' previously filed motions to suppress and precluding the government from introducing into evidence (either in its direct case or in cross-examination of the defendant should he choose to testify) all statements and the tainted fruits of those statements;

7. An order scheduling a taint hearing at which the government must prove that evidence it intends to introduce at trial is not the product of either the illegal interrogation or arrest;

8. An order pursuant to Rule 6(3)(E)(ii), Fed. R. Crim. P., directing disclosure of the grand jury minutes to the defense;

9. An order permitting MOHAMED YUSUF to join in any and all motions and supporting memoranda filed by co-defendants that are applicable to Mr. Yusuf;

10. An order permitting MOHAMED YUSUF to file an oversized memorandum as per his request dated November 17, 2014;

11. An order permitting MOHAMED YUSUF to make such other and further motions as may be appropriate;

12. An order scheduling oral argument on these motions: and

13. For such other and further relief as this Court deems just and appropriate.

Dated: November 21, 2012
     New York, New York

                                _____/s/_____
                                JANE SIMKIN SMITH, Esq.
                                P.O. Box 1277
                                Millbrook, New York 12545
                                (845) 724-3415

                                DAVID STERN, Esq.
                                Rothman, Schneider, Schulte,
                                      Soloway & Stern, LLP
                                100 Lafayette Street, Ste. 501
                                New York, New York 10012
                                (212) 571-5500

                                Attorneys for MOHAMED YUSUF


TO:    CLERK OF THE COURT
        United States District Court
        Eastern District of New York
        225 Cadman Plaza East500 Pearl Street
        New York, New York 10007

        HON. SANDRA L. TOWNES
        United States District Court
        Eastern District of New York
        225 Cadman Plaza East
        New York, New York 10007

        SETH DUCHARME, ESQ.
        SHREV ARIEL, ESQ.
        RICHARD TUCKER, ESQ.

        Office of the United States Attorney Eastern District
        of New York Assistant United States Attorney
        271 Cadman Plaza East
        Brooklyn, NY 11201