**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
UNITED STATES OF AMERICA

            - against -

ALI YASIN AHMED, *et al.*,

            Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

12-CR-661 (SLT) (S-2)

**TOWNES, United States District Judge,**

      Ali Yasin Ahmed, Madhi Hashi, and Mohamed Yusuf ("Defendants") have been charged with crimes relating to their alleged support of a foreign terrorist organization. Defendants are charged with "providing material support or resources to" and "receiving military-type training from" al-Shabaab, a "designated foreign terrorist organization," in violation of 18 U.S.C. §§ 2339B and 2339(D), conspiring to provide and attempting to provide material support to al-Shabbab, in violation of 18 U.S.C. § 2339B, and using a machine gun in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1). Trial in this case is presently scheduled to commence on February 2, 2015. Currently before the Court are two motions. First, the Government moves, pursuant to Rule 15(c)(3) of the Federal Rules of Criminal Procedure, for leave to take depositions of two cooperating witnesses abroad and outside the presence of Defendants.[1] Second, the Government seeks to adjourn the trial until May 18, 2015. For the following reasons, the Government's motion is granted in its entirety.

   A. *Rule 15(c)(3) Depositions*

      Rule 15(c)(3) of the Federal Rules of Criminal Procedure requires this Court to make certain "case-specific findings" prior to permitting depositions to take place abroad and outside

---

[1] For the safety of the witness and parties who may attend, the Court will not place the date or location of such depositions on the publicly available docket.

the presence of Defendants.  Fed. R. Crim. P. Rule 15(c)(3).  Prior to permitting such depositions to take place, the Court must find "all of the following:"

> (A) the witness's testimony could provide substantial proof of a material fact in a felony prosecution;
>
> (B) there is a substantial likelihood that the witness's attendance at trial cannot be obtained;
>
> (C) the witness's presence for a deposition in the United States cannot be obtained;
>
> (D) the defendant cannot be present because:
>
>> (i) the country where the witness is located will not permit the defendant to attend the deposition;
>>
>> (ii) for an in-custody defendant, secure transportation and continuing custody cannot be assured at the witness's location; or
>>
>> (iii) for an out-of-custody defendant, no reasonable conditions will assure an appearance at the deposition or at trial or sentencing; and
>
> (E) the defendant can meaningfully participate in the deposition through reasonable means.

Fed. R. Crim. P. Rule 15(c)(3).  Additionally, under the Sixth Amendment's Confrontation Clause, a criminal defendant must have "a meaningful opportunity to cross-examine witnesses against him in order to show bias or improper motive for their testimony." *Brinson v. Walker*, 547 F.3d 387, 392 (2d Cir. 2008).

Upon consideration of the parties' submissions, including the Government's affidavits, the Court hereby authorizes the requested depositions after making the following case-specific findings:  The testimony of the proposed witnesses could provide substantial proof of material facts in this prosecution because the witnesses have personal knowledge of the conduct of one or more of the defendants and that knowledge bears on the offenses charged in the Superseding Indictment.  At this time, despite the considerable efforts of the Government's attorneys, there is

a substantial likelihood that the Government will be unable to secure the witnesses' presence in the United States, for either depositions or to testify at trial. This is because (1) the witnesses are currently in the custody of foreign governments and those governments will not authorize the witnesses to travel to the United States for the purposes of testifying, and (2) due to their criminal convictions, the United States may not permit the witnesses to enter the United States. Likewise, the defendants cannot be present at the depositions abroad because secure transportation and continuing custody cannot be assured at the witnesses' locations. Finally, the Court finds that the defendants can meaningfully participate in the depositions through reasonable means, as outlined in the Government's November 26 and December 12, 2014 letters. Specifically, as in *US v Ahmed Omar Abu Ali*, 528 F.3d 210 (4th Cir. 2008), the depositions will take place abroad in secure locations; the witnesses will testify under oath; counsel for each of the defendants' will physically attend the depositions; defendants will "virtually" participate via contemporaneous live-streaming video; each of the defendants will sit with one of his attorneys in New York and be given ample opportunities to communicate with counsel who is physically located abroad; and a videographer and stenographer will be present to record the proceedings for the record. The Government shall be required to pay the reasonable travel and subsistence costs for defendants' counsel to attend the deposition in person. Accordingly, the Government's motion for leave to take the two noticed depositions is granted.

### B. *Adjournment of Trial*

The Government moves to adjourn the date of trial until May 18, 2015. The Government asserts that adjournment is necessary because, *inter alia*, the aforementioned foreign depositions could not, despite the Government's diligent attempts, be scheduled to be completed before the date of the current trial and these witnesses are essential to the prosecution. Moreover, due to the

complexity of the case and the legal issues raised in Defendants' motions to dismiss the indictment, a reasonable amount of additional time is necessary before the Court is prepared to the rule on the Defendants' outstanding motions, which were fully briefed on December 23, 2014. Moreover, there are numerous outstanding pre-trial matters arising out Defendants' motions, such as Defendants' requests that this Court hold hearings on, *inter alia*, potential taint of evidence, access to grand jury minutes, and expert witnesses. While a shorter delay would be preferable, May 18, 2015 is the earliest date available for all defense counsel. For the aforementioned reasons, the Court finds that this brief adjournment will not impose a substantial burden on the Defendants' constitutional or statutory interests in a speedy trial and the "ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial."[2] Accordingly, trial in this matter is adjourned until May 18, 2015.

**SO ORDERED**

                  S/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
   December 30, 2014

---

[2] The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy … trial." The United States Supreme Court has held that "some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right [include] … [l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Likewise, the federal Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, establishes time limits for the completion of various stages of a federal criminal prosecution. Under the Act, subject to specified exclusions of time, a federal defendant's criminal trial must begin within seventy days after the filing of the indictment or the first court appearance, whichever is later. 18 U.S.C. § 3161(c)(1). Among excludable delays are: "delay[s] resulting from any pretrial motion, from the filing of the motion through the … prompt disposition of[] such motion," 18 U.S.C.A. § 3161(h)(1)(d), or if the "ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial," such as when "the case is so unusual or so complex … that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act, 18 U.S.C.A. § 3161(h)(7). Here, an adjournment is required due to the complexity of the case, the outstanding defense motions, and the unavailability of essential Government witnesses.

4