# ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP

Attorneys at Law
100 Lafayette Street, Suite 501
New York, NY 10013

FRANKLIN A. ROTHMAN
JEREMY SCHNEIDER
ROBERT A. SOLOWAY
DAVID STERN

LUCAS ANDERSON

Tel: (212) 571-5500
Fax: (212) 571-5507

January 15, 2015

AUSA Shreve Ariail
Office of the United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Ahmed etal.
      **including Mohamed Yusuf**
      Ind. 12 Cr 661(S1)(SLT)

Dear Mr. Ariail:

I am the attorney for Mohamed Yusuf in the above captioned matter. I write to respond to your assertion, made at a status conference on January 8, 2015, that you either could not understand my letters of December 29, 2014, or that they sought early production of materials pursuant to 18 U.S.C. §3500.

One of the letters of December 29, 2014, sought "any information that shows or tends to show that witnesses the government intends to call at trial or depose pre-trial were tortured or threatened with torture prior to making statements to the U.S. or any other government". This request does not, to our knowledge, seek statements of witnesses the government intends to call. Rather, it seeks any information from any source which shows that one or more government witnesses were tortured. This information may come from inmates held with the witness, officials of the government where the witness is imprisoned, family members of the witness, U.S. government personnel who are

AUSA Shreve Ariail
January 15, 2015
Page Two

aware that the witness was tortured, or any other competent
source. Such information would be exculpatory or could lead to
exculpatory evidence because information derived from torture or
the threat of torture may be unreliable. Additionally, if the
government does intend to call witnesses who will testify that
one or more witnesses were tortured the defense should be
apprised of that prior to trial so that any appropriate motions
can be made.

        The second December 29, 2014 letter seeks "disclosure of any
information that shows or tends to show that the F.B.I. or other
U.S. law enforcement agencies have policies or practices
regarding the reliability or lack of reliability of voice
identification and whether the justice department has ever
objected to or challenged the methods or methods similar to the
ones utilized by Mr. Lindh in this case."  Again, the defendant
does not seek statements of witnesses the government intends to
call at trial.  We presume the government will not call witnesses
who contradict their position.  Rather, the letter seeks
information regarding any U.S. law enforcement agency that has a
policy or position contrary to that espoused by the government at
trial - - specifically, that the methods utilized by Mr. Lindh in
identifying what he claims is Mr. Yusuf's voice are flawed or
unreliable.  For reasons which I think are obvious, this
information, if it exists, is exculpatory.

        I am hopeful that this letter clarifies our position.  If
you still do not understand our request please do not hesitate to
write regarding concerns

                                    Sincerely,

                                    David Stern