

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SA/SDD/RMT
F.#2012R01574

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 20, 2015

<u>By Hand and ECF</u>

The Honorable Sandra L. Townes
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Ahmed <u>et al.</u>
                  <u>Criminal Docket No. 12-661 (S-2) (SLT)</u>

Dear Judge Townes:

        The government respectfully submits this brief surreply in response to defendant Yusuf's reply brief in further support of his pretrial motions.  (ECF #165, hereafter "Yusuf Rep.").  Yusuf's reply brief misconstrues many of the government's arguments.  One of the most glaring of those mischaracterizations begs a response.

        Yusuf writes, "While the Government concedes that it must 'establish' that the offenses 'occurred within the extraterritorial jurisdiction of the United States,' it views extraterritorial jurisdiction not as an element of the offense, but as a prerequisite to the district court's exercise of subject-matter jurisdiction."  (Yusuf Rep. at 5-6; <u>see also</u> Yusuf Rep. at 14 ("the Government assures the Court at the same time, and on the other hand, that it will "establish" (at what point in the proceedings, by what standard of proof and to whose satisfaction it does not say) that the defendants' conduct did, as a matter of fact, affect interstate commerce").  Even a perfunctory reading of the government's memorandum shows that Yusuf has entirely misstated the government's position on this point.

        In its papers, the government made clear that extraterritorial jurisdiction is an <u>element</u> of Section 2339B, and has nothing to do with whether the Court has subject-matter jurisdiction over this case.  (<u>See</u> ECF #153, hereafter "Govt. Opp.," at 31-32 (setting forth the elements of Section 2339B conspiracy and substantive offenses, including "that the defendant committed this offense within the extraterritorial jurisdiction of the United States")).  Indeed, the government further explained:

> Notwithstanding the defense's suggestions to the contrary, this question of whether the government has authority to charge extraterritorial conduct under a statute is distinct from the question of whether a district court has subject-matter jurisdiction to hear a criminal case. Title 18, United States Code, Section 3231, provides that "[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." In determining whether it has subject-matter jurisdiction over a criminal case, a court should "ask only whether the indictment alleges all of the statutory elements of a federal offense." United States v. Yousef, 750 F.3d 254, 259-60 (2d Cir. 2014) (quotation marks omitted). A defendant's contention "'that in fact certain of [the statutory] elements are lacking . . . goes to the merits of the prosecution, not to the jurisdiction of the court to entertain the case or to punish the defendant if all of the alleged elements are proven.'" Id. (quoting Hayle v. United States, 815 F.2d 879, 882 (2d Cir. 1987)).

(Govt. Opp. at 29 n.28).

In sum, Section 2339B(d)(1) sets forth six alternative means by which this element can be proved. The government will prove this element beyond a reasonable doubt to the jury by establishing that three of the six enumerated bases for extraterritorial jurisdiction apply in this case:

- the defendants are now in the United States (Section 2339B(d)(1)(C));

- the offenses occurred in or affected interstate or foreign commerce (Section 2339B(d)(1)(E); and

- the defendants aided and abetted and conspired with other U.S. nationals who were part of al-Shabaab's foreign fighter cadre in Somalia (Section 2339B(d)(1)(F)).

Accordingly, because the operative indictment alleges that the offenses occurred "within the extraterritorial jurisdiction of the United States," the indictment is sufficient. Sections 2339B(d)(1)(D) and 2339B(d)(1)(E) represent not separate, additional elements that the

government must prove, but different ways in which the government may establish that the offense occurred within the extraterritorial jurisdiction of the United States. This interpretation is consistent with the plain language of the statute, and Yusuf's arguments to abandon the plain language of the statute for a contorted, self-serving misreading of Section 2339B, fail.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

By:    /s/
          Shreve Ariail
          Seth D. DuCharme
          Richard M. Tucker
          Assistant U.S. Attorneys
          (718) 254-6616/6021/6204

cc:    Clerk of Court (SLT) (by ECF)
       Defense Counsel (by ECF)