Jane Simkin Smith
Attorney At Law
P.O. Box 1277
Millbrook, New York 12545
845 724 3415
Fax 888-391-5018
jssmith1@optonline.net

February 22, 2015

<u>By ECF</u>

Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re: *United States v. Ahmed*, et al. 12 CR 661 (S2) (SLT)

Dear Judge Townes:

     I write on behalf of all of the defendants to express concern that the Government has failed to turn over *Brady* material (if not also § 3500 material) in connection with the witness who is scheduled to testify at 1:00 a.m. tomorrow morning (New York time).

     When it turned over the § 3500 material, the Government wrote, "with respect to your request for information in the possession of the government relating to the treatment of witnesses, please note that the Witness has indicated to investigators that, when he was first arrested by foreign officials in November 2011, he was treated roughly, but since then generally has been treated well." (Letter dated February 6, 2015)

     The materials the Government provided relating to this witness indicate a joint investigation involving, and collaboration between, the United States and the foreign government whose officials engaged in torture (or, as the Government characterizes it "rough treatment") of the witness, but it does not include any reports relating to that treatment (either by the witness, the United States Government or the foreign government). Ms. Kellman made three email requests to AUSA DuCharmes for all proffer notes of the witness and all reports from the foreign government relating particularly to this issue. (The first email was sent yesterday morning and the last this afternoon (foreign time)). AUSA DuCharmes (who explains that he was without email service) has now responded that the defense has all the § 3500 materials to which it is entitled.

     In light of the Government's February 6, 2015 advice about the witness's report of "rough treatment", a recently provided handwritten note referring only to "mistreatment", and the presence of the Chief of the Federal [Foreign Government] Police at each of the witness's interviews by the Americans, there is little question that there are at least oral if not written reports regarding the treatment of this witness in more detail than the conclusory statements given to the defense. The defense is entitled to information received orally from the witness and others as well as written reports of investigations into the matter of torture/rough treatment by

the Government under *Brady*. See *United States v. Rodriguez,* 496 F.3d 221, 225-26 (2d Cir. 2007) (Court holds that Government investigators had no obligation to take notes and, therefore, the Government did not violate defendant's rights under the Jencks Act when it failed to disclose witness's lies; however, Court also noted that Government does have obligation under *Brady* to disclose information that materially impeaches its witness whether or not that information is in writing).

     The failure to provide this material relating to torture and/or rough treatment seriously hampers the ability to defend and to intelligently participate in the deposition scheduled to begin in less than 15 hours. It is now after 6:00 p.m. where the deposition will take place. Defendants move for an order adjourning the deposition or, in the alternative, requiring the Government to produce the material by 9:00 p.m.

                                         Respectfully submitted,


                                         Jane Simkin Smith